Reitz, Appellant, v. Sinking Fund Commission of Jefferson County.

Argued March 21, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. N. Conrad,* for appellant.

*Raymond E. Brown,* with him *Lavelle A. Wilson* and *Matthew A. Crawford,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, April 23, 1934:

On March 11, 1933, the Board of Auditors of Jefferson County (a county of the sixth class) filed their report of the finances of that county for the year ending December 31, 1932, therein surcharging the county treasurer, Richard E. Reitz, appellant here, with a balance of $17,156.18 due the county sinking fund commission, from taxes collected and held for the "road bond sinking fund account," $10,156.18, and the "court house bond sinking fund account," $7,000, which the treasurer had refused to turn over to the sinking fund commission following the custom of his predecessor in office. On appeal from this surcharge, the court of common pleas awarded an issue between the parties appearing herein as to whether plaintiff, county treasurer of Jefferson County and ex-officio a member of the county sinking fund commission, but not the treasurer of that body, "is entitled to the actual custody" of the balances in the two funds, "subject to the management and charge of said funds by the sinking fund commission of Jefferson County and disbursement thereof by said treasurer upon the orders of said commission, lawfully issued, or whether the said sinking fund commission......is entitled to the present actual custody of and the payment to said commission, or its lawfully appointed treasurer, of the said several balances in the hands of said plain-

tiff, with which he is surcharged under the auditors' report above mentioned, subject to the adjustment of any equities which may exist between the respective claimants in relation to the custody of such funds." The county treasurer appeals from the decision of the lower court against him, requiring that the funds in controversy be turned over to the sinking fund commission, subject to existing equties.

Appellant does not dispute the authority of the commission to manage its funds, but contends that the legislature, by the County Code of May 2, 1929, P. L. 1278, did not intend the county sinking fund commission should have actual custody of their funds, and avers his contention is evidenced by the fact that the county treasurer is the only member of the commission to whom adequate bonding requirements attach to secure the amount of money involved. Whether or not county sinking funds are sufficiently protected under the act, the court below did not undertake to discuss, for, as the learned judge specially presiding states in his opinion, "It will not do to complain that this legislation is ill advised or insufficient or that it does not protect the taxpayers. The office and duties of the county treasurer, as well as of the sinking fund commission, are statutory and we must seek to determine the intention of the lawmaking body from its published statutes." "The intention and meaning of the legislature must primarily be determined from the language of the statute itself, and not from conjectures aliunde. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning": Farmers-Kissinger M. H. Co., Inc. v. Reading et al., 310 Pa. 493, 498. Such is the situation here.

After providing, in section 395 of the County Code, for a sinking fund commission in each county, the legislature specified, in section 396, that "All moneys ap-

plicable to any sinking fund shall be under the charge of the commission." The plain, obvious meaning of the words here used includes actual custody, and that this was the meaning intended by the legislature is supported by other provisions which follow, as, for instance, where section 397 refers to "the amount of money *required to be paid by the county to said commission* for sinking fund purposes," and section 399, to "funds *in the hands of the commission* to meet the payment of......bonds"; and the whole implication of section 401, directing that: "All moneys received by the commission at any time shall immediately be deposited in one or more banks or banking institutions which are now or hereafter shall be designated as county depositories. Not less than two per centum interest on daily balances shall be paid to said commission for the use of said moneys. The commission may reinvest said interest with other income from the bonds in their possession." Nothing in sections 148 and 363 of the County Code, which provide for the duty of the county treasurer in respect to county funds, is incompatible with the explicit instruction that "all moneys applicable to any sinking fund shall be under the charge of the commission."

The order and decree appealed from is affirmed.